# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMIR MAJIKE BEY,** | : | Civil No. 1:13-CV-2839 |
| **Petitioner** | : | **(Chief Judge Conner)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **COMMONWEALTH OF PENNSYLVANIA, et al.,** | : | |
| **Respondents.** | : | |

## REPORT AND RECOMMENDATION

### I.    Introduction

Federal habeas corpus petitioners must satisfy certain basic procedural thresholds. One of the statutory prerequisites to a state prisoner seeking habeas corpus relief in federal court is that the prisoner must "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In addition, these procedural prerequisites include a requirement that: "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

The instant case presents a model of both an unexhausted petition, and a second and successive petition, since the petitioner, Amir Majike Bey, for the second time seeks federal habeas corpus review of a case, which has never received any post-conviction review in the state courts.

In light of the fact that this is undeniably both an unexhausted federal habeas corpus petition and a successive petition, the question before this Court is how best to address what is currently a premature and procedurally flawed petition. For the reasons set forth below, it is recommended that this petition be dismissed.

## II.   Statement of Facts and of the Case

With respect to this petition, Majike Bey alleges that he is a Moorish American, national, aboriginal native, natural person, jus sanguinis and in propria persona sui juris. (Doc. 1) He also describes himself as a descendent of "the ancient Canaanite nation from the holy land of Canaan. What my ancient forefathers were, I am today without doubt or contradiction". (Id.) According to Majike Bey, he was prosecuted in the Court of Common Pleas of Union County in Commonwealth v. Majike Bey, No. CP-60-CR-181-2012.[1] Majike Bey's petition complains that he was prosecuted in this case despite not being indicted for commiting a crime, and alleges that this conduct violates the Fifth Amendment to the United States Constitution, the Pennsylvania Constitution, as well as various international treaties and conventions adopted by the United Nations. On the basis of these otherwise unadorned allegations Majike Bey seeks the dismissal of these two state criminal cases.

---

[1] The Common Pleas Court docket of this case is attached as Exhibit A to the Report and Recommendation.

This is the second time Bey has leveled these allegations with this Court. In the first instance, <u>Bey v. Commonwealth</u>, 1:12-CV-1531, his petition was dismissed, and that dismissal was affirmed on appeal. Moreover, notably absent from Majike Bey's latest petition is any recital that the petitioner has exhausted his state legal remedies with respect to these claims under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541, et seq. In fact, the docket in this state case affirmatively reveals that Majike Bey's federal habeas corpus petition presents us with the paradigm of an unexhausted federal habeas corpus petition, a petition whose claims have not been properly presented and preserved in the state courts.

Thus, with respect to the case of <u>Commonwealth v. Majike Bey</u>, No. CP-60-CR-181-2012, the docket reveals that the petitioner was convicted in this case in April of 2013. However, the docket also reflects that Majike Bey never appealed this conviction or filed for relief under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541, et seq. Instead, the docket simply shows that, following his conviction, Majike Bey has been the subject of probation revocation proceedings. Thus, Majike Bey has not fulfilled his legal duty to exhaust his state remedies before proceeding to federal court in this his second habeas corpus petition. Since the petitioner has not satisfied this threshold legal requirement prescribed by statute by exhausting his state remedies before proceeding into federal court, and has submitted

an inappropriate second and successive petition, we submit that this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**II.  Discussion**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

In order to obtain federal habeas corpus relief, a state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State;
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> (2) An application for a writ of habeas corpus may be denied on the

merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b).

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994). Thus, claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension. See Priester v. Vaughan, 382 F.3d 394, 401-02 (3d Cir. 2004). Furthermore, state prisoners seeking relief under Section 2254 must also satisfy specific, and precise, procedural standards. Among these procedural

prerequisites is a requirement that the petitioner "has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). Section 2254's exhaustion requirement calls for total exhaustion of all available state remedies. Thus, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. See Whitney v. Horn, 280 F.3d. 240, 250 (3d Cir. 2002).

This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). As the Supreme Court has aptly observed: "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation. Rose v. Lundy, 455 U.S. 509, 518 (1982). Requiring exhaustion of claims in state court also promotes the important goal of ensuring that

a complete factual record is created to aid the federal courts in their review of a § 2254 petition. Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995). A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts. Evans v. Court of Common Pleas, 959 F.2d 1227, 1231 (3d Cir. 1992); Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982). A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court." Parker v. Kelchner, 429 F.3d 58, 63 (3d Cir. 2005).

In this case it is evident that the exhaustion doctrine applies to this case since this federal habeas petition clearly contains legal claims which have not exhausted in state court. Given this fact, Majike Bey's federal pleading is the very model of an unexhausted petition which the court ordinarily should dismiss without prejudice, so that he can either return to state court and totally exhaust these claims, or proceed in federal court on a petition which raises only wholly exhausted issues. Rose v. Lundy, 455 U.S. 509 (1982).

Nor can Majike Bey avoid this outcome by arguing that exhaustion of these state remedies on his part should be excused due to the futility of exhausting those state remedies. Because of the strong policies favoring exhaustion of state remedies, petitioners who seek to be excused from this requirement must make an exacting showing. As the United States Court of Appeals for the Third Circuit has aptly observed:

> Under ordinary circumstances, a federal court may not entertain a petition for a writ of habeas corpus unless the petitioner has first presented each of his claims to the state's highest tribunal. See 28 U.S.C. §§ 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16(1982). Exhaustion, however, is not a jurisdictional matter but a matter of comity. See Story v. Kindt, 26 F.3d 402, 405 (3d Cir.1994). Federal courts need not defer to the state judicial process when there is no appropriate remedy at the state level or when the state process would frustrate the use of an available remedy. Id.; 28 U.S.C. § 2254(b)(1)(B). We have held that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir.1986). The existence of an inordinate delay does not automatically excuse the exhaustion requirement, but it does shift the burden to the state to demonstrate why exhaustion should still be required. Story, 26 F.3d at 405 (noting that this burden is "difficult to meet").

Lee v. Stickman, 357 F.3d 338, 341 (3d Cir. 2004).

In defining what type of delay constitutes an "inexcusable or inordinate delay" which may justify excusing the exhaustion requirement, the courts have looked at delays of years, not months. Thus, as the appellate court has explained:

We stated in Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir.1986), that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." In that case, thirty-three months had passed after the petitioner's PCRA filing without resolution. Id. This, we found, excused the petitioner's failure to exhaust his state court remedies. Id. at 356. The thirty-three month delay in Wojtczak remains the shortest delay held to render state collateral proceedings ineffective for purposes of the exhaustion requirement.

Cristin v. Brennan, 281 F.3d 404, 411 (3d Cir. 2002)(refusing to excuse exhaustion in the face of 27 month delay). See, e.g., Coss v. Lackawanna County Dist. Att'y, 204 F.3d 453, 460 (3d Cir.2000) (en banc) (seven year delay), rev'd on other grounds, 532 U.S. 394 (2001); Story v. Kindt, 26 F.3d 402, 406 (3d Cir.1994) (nine year delay).

Here, the state courts have consistently endeavored to promptly address Majike Bey's cases. Therefore, we cannot say that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable," Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir.1986), and Majike Bey has not provided sufficient justification or excuse for this failure to exhaust his state legal remedies which would warrant foregoing the exhaustion requirement that is plainly prescribed by law. Thus, Majike Bey's failure to exhaust these state remedies should not be excused, and his petition for writ of habeas corpus should be dismissed.

Furthermore, prisoners like Bey who seek habeas relief under §2254 must also satisfy other specific, and precise, procedural standards. These procedural prerequisites include a requirement that: "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). This prohibition on the filing of successive habeas corpus petitions serves an important role in the administration of justice. As the court of appeals has explained:

> Pursuant to this gate-keeping function, AEDPA instructs the courts of appeals to dismiss any claim presented in a second or successive petition that the petitioner presented in a previous application. See 28 U.S.C. § 2244(b)(1). If a petitioner presents a *new* claim in a second or successive habeas corpus application, we must also dismiss that claim unless one of two narrow exceptions applies:
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> Id. § 2244(b)(2)(A)-(B)(ii). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id. § 2244(b)(3)(A). A petitioner's failure to seek such authorization from the appropriate

> appellate court before filing a second or successive habeas petition "acts as a jurisdictional bar." United States v. Key, 205 F.3d 773, 774 (5th Cir.2000).

Blystone v. Horn, 664 F.3d 397, 411-12 (3d Cir. 2011).

Here, Bey's current petition is virtually identical to the initial petition filed by this prisoner in 2012. That petition, in turn, was dismissed by this Court and the dismissal of this petition was affirmed on appeal. Therefore, this pleading is undeniably a second and successive petition. Since this petition is a second or successive petition, it is clear that Bey's pathway to relief does not lie in the first instance with this Court. Rather,"[t]he Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), places the federal courts of appeals in the role of 'gate-keeper,' charging them with the responsibility of 'preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction [or sentence].' Leal Garcia v. Quarterman, 573 F.3d 214, 220 (5th Cir.2009)." Blystone v. Horn, 664 F.3d 397, 411 (3d Cir. 2011). Therefore, Bey is not free to simply re-state this claim in a second petition filed with the district court. Instead, he must follow the course prescribed by law, he must first present that claim to the court of appeals and must show that: "one of two narrow exceptions applies: (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Blystone v. Horn, 664 F.3d 397, 411 (3d Cir. 2011). Given that Bey has not followed this course mandated by law, this petition must be dismissed since: "A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition 'acts as a jurisdictional bar.' United States v. Key, 205 F.3d 773, 774 (5th Cir.2000)." Blystone v. Horn, 664 F.3d 397, 411-12 (3d Cir. 2011).

Finally, beyond these procedural failures, we note another fatal flaw in this petition. An assessment of the unexhausted claim advanced in this federal habeas petition strongly suggests that this claim is meritless. In this petition Majike Bey attacks his state prosecutions, arguing that the state courts lacked subject matter jurisdiction because the charges against the petitioner were not brought by indictment following presentation of the evidence to a grand jury. The difficulty with this unexhausted claim is that the premise underlying this argument–an assertion that states are constitutionally mandated to present cases to grand juries–has been flatly rejected

by the courts. Thus, it is clear beyond any serious legal dispute that the Fifth Amendment's requirement of indictment by grand jury does not apply to the states, which are free to charge defendants without the necessity of grand jury presentment. See, e.g., Alexander v. Louisiana, 405 U.S. 625, 633 (1972); Hartman v. Lee, 283 F.3d 190, 195 (4th. Cir. 2002); Clanton v. Cooper, 129 F.3d 1147, 1155 (10th. Cir. 1997). Since this claim clearly lacks merit, Majike Bey's petition is both unexhausted and meritless, and should be dismissed.

In sum, Bey's petition is unexhausted, improperly successive, and meritless. Therefore, it should be dismissed by this Court.

### III.  **Recommendation**

Accordingly, for the foregoing reasons, IT IS ORDERED that the petitioner's motion to proceed *in forma pauperis* (Doc. 3) is GRANTED but upon consideration of this Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and the Response in Opposition to this Petition, IT IS RECOMMENDED that the Petition be DISMISSED and that a certificate of appealability should not issue.

The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written

objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 22nd day of November, 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

# EXHIBIT A